# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Bertrand

Case No. 6:19-cv-01342

Versus

District Judge Robert R. Summerhays

Cloud et al

Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court on assignment by the district judge is a Motion To Dismiss Federal Claims filed by Defendant, Eddie Soileau, individually and in his official capacity as Sheriff for Evangeline Parish ("Sheriff Soileau") [Rec. Doc. 29] and Plaintiff, James Bertrand's, Memorandum in Opposition [Rec. Doc. 40]. For the reasons that follow, the Court recommends that the Motion be Granted.

## I.    BACKGROUND

Based on the Court's best interpretation of the allegations in Plaintiff's First Amended And Restated Complaint, *R. 50,* Plaintiff completed a certification program at the University of Louisiana Lafayette as a private investigator.[1] *R. 1, ¶ 4.* In September 2018, he was contracted to investigate Gracie Carpenter and Todd Tomlin in connection with a "private civil matter." *Id. at ¶ 6.* On October 12, 2018,

---

[1] Plaintiff is also a bail bondsman and does business under Bertrand Bonding, LLC.  *R. 1, ¶ 4.*

Defendant Cloud, who at the time was the mayor of Turkey Creek, Louisiana,[2] interfered with Plaintiff's investigation of Gracie Carpenter by informing the Turkey Creek Police Department that Plaintiff was criminally trespassing, impersonating a law enforcement officer and engaging in criminal false imprisonment. *Id. at ¶¶ 7, 8, 9.* Plaintiff alleges that Cloud had personal knowledge these allegations were false. *Id. at ¶ 10.*

Plaintiff further alleges that on that same day, Defendant Lofton of the Turkey Creek Police Department  filed a knowingly false report that Plaintiff was criminally trespassing, impersonating a law enforcement officer and engaging in criminal false imprisonment. *Id. at ¶¶ 11, 12.* On October 15, 2018, Plaintiff was arrested based on Cloud's false allegations in Loftin's report which he filed and presented to a judge. *Id. at ¶ 13.* Plaintiff was issued a $25,000 bond and bonded out on or about October 18, 2018. *Id. at ¶ 14.* Ultimately, the Evangeline Parish District Attorney "refused to indict [*sic*] [Plaintiff] for the underlying claims of his arrest." *Id. at ¶15.*

Plaintiff filed this lawsuit on October 12, 2019, asserting federal claims under 42 U.S.C. § 1983, § 1985 and § 1986 as well as Louisiana state law claims of unfair trade practices and tortious interference of business against Sheriff Soileau; Heather Cloud, in her individual and official capacity as Mayor of Turkey Creek, Louisiana;

---

[2] Based on the Defendants' representation as well as the Court's determination, Cloud is presently the Louisiana State Senator for District 28.

2

Robert Legget ("Legget"), individually and in his official capacity as Chief of Police for Turkey Creek; and, Rodney Lofton, individually and in his official capacity as an officer for the Turkey Creek Police Department ("Police Officer Lofton"). On June 10, 2020, in considering a similar motion to dismiss Defendant Cloud, this Court allowed Plaintiff to amend his Complaint. *R. 45.* Plaintiff filed his Amended Complaint on June 25, 2020, which the Court will consider in addressing the instant motion. *R. 50.*

## II.    LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *Maloney Gaming Mgmt., LLC v. St. Tammany Parish,* 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).  The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true, and it must view them in the light most

favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Collins* at 498, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.* at 555. and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009).

### III.    SUBSTANTIVE LAW FOR SECTION 1983 CLAIMS

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

5

## IV.    ANALYSIS

### A. Section 1983 Claims

Sheriff Soileau filed the instant motion moving to dismiss all of Plaintiff's Federal claims, §1983, §1985 and § 1986, as Plaintiff's complaint fails to specify any constitutional violations against him. In his Opposition, Plaintiff contends that "Soileau participated in the false arrest of plaintiff Bertrand in connection with the acts of defendants Cloud and Lofton and Legget." *R. 40, pp. 2-3.* His allegations in the amended complaint, however, involve only the alleged actions of Turkey Police Officer Lofton who he asserts: "subsequently filed a report that Bertrand was criminally trespassing, impersonating a law enforcement officer, and engaging in criminal false imprisonment"; "falsely claimed that Bertrand stated that Bertrand was a member of law enforcement"; "knew Bertrand was not a member of law enforcement, and never heard Bertrand claim that Bertrand was a member of law enforcement"; and authored "[t]he police report [which was] false and deceptive and misleading." *Id. at ¶ 12.* He further alleges his arrest was based upon documents processed, filed and presented to a judge by Lofton. *Id. at ¶12.* The only mention of Sheriff Soileau is that Plaintiff suffered "imprisonment by the Evangeline Parish Sheriff's Office, under Soileau, who did not have probable cause to imprison Bertrand" and that "Soileau conspired with Lofton and Legget to deprive [Plaintiff]

of his Constitutional rights in relying on the allegations by Legget and Lofton and Cloud." *Id. at ¶ 22.*

### 1. *Sheriff Soileau's Official Capacity*

Plaintiff's amended complaint fails to state a claim against Sheriff Soileau in his official capacity as Sheriff of Evangeline Parish. A Section 1983 claim against a Louisiana sheriff in his official capacity "is 'in essence' a suit against a municipality." *See Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978)). A plaintiff may establish the requisite official policy by proving "a persistent, widespread practice of [government] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id*.

In this case, Plaintiff's amended complaint fails to allege any facts needed for the Court to plausibly infer that a custom or practice existed that gave rise to the purported violations of Plaintiff's constitutional rights. Accordingly, Plaintiff's claims against Sheriff Soileau in his official capacity should be dismissed.

### 2. *Sheriff Soileau's Individual Capacity*

Viewing Plaintiff's allegations against Sheriff Soileau in his individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusory assertions. The plaintiff must allege specific facts giving rise to the constitutional claims." *Carter v. Strain*, 2009 WL 3231826 at *1 (E.D. La. Oct. 1, 2009)(quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)).

In this case, other than identifying Sheriff Soileau as a defendant in page three of the amended complaint, Plaintiff's principal pleading contains no factual allegations whatsoever regarding the Sheriff's involvement in, or even knowledge of, the matters of which he complains herein. Rather, Plaintiff essentially alleges that Soileau is the Sheriff of Evangeline Parish where he was incarcerated so that makes him involved in the alleged conspiracy between Cloud, Loftin and Legget to violate Plaintiff's constitutional rights.

8

To state a cause of action under § 1983, a plaintiff must allege facts reflecting the defendant's participation and involvement in the alleged wrong. *Murphy v Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). A sheriff such as Sheriff Soileau "may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir. 1992. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Moreover, to successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Plaintiff only alleges in a conclusory fashion that Sheriff Soileau conspired with the other Defendants.[3] The allegation of conspiracy requires more than conclusory statements. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy)). "Allegations that are merely

---

[3] Plaintiff appears to assert the mere fact that he was incarcerated in the Evangeline Parish jail implicates Sheriff Soileau in a conspiracy with Loftin and Legget to falsely imprison Plaintiff. The amended complaint, however, provides that Plaintiff's arrest and incarceration was based on facts in a police report presented to a judge which have led to an arrest warrant being issued. *R. 50, ¶13.*

conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

As Plaintiff has failed to allege any specific facts to establish § 1983 liability on the part of Sheriff Soileau, Plaintiff's § 1983 claims against him should be dismissed for failing to state a claim for which relief may be granted.

**B.    42 U.S.C. § 1985 Claim**

Plaintiff also attempts to establish federal question jurisdiction by alleging a civil conspiracy under 42 U.S.C. § 1985. Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by "invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). To establish such a claim, a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. *See Great Am. Fed. Sav'g & Loan Assoc. v. Novotny*, 442 U.S. 366, 373 (1979) (quoting *Griffin*, 403 U.S. at 102).

It is well-settled law that the discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based. *Griffin*, 403 U.S. at 102. Not all classes or categories of individuals that can be imagined merit section 1985(3) protection. A plaintiff must show membership in

10

some group with inherited or immutable characteristics (e.g., race, gender, religion, or national origin), or that the discrimination resulted from the plaintiff's political beliefs or associations. *Galloway v. State of La*., 817 F.2d 1154, 1159 (5th Cir. 1987).

Plaintiff's allegations indicate no discrimination on the basis of race, gender or any other classification which would allow a claim under § 1985. Also, as found in the foregoing, Plaintiff has failed to allege Sheriff Soileau participated in any § 1985 conspiracy.

## C.    42 U.S.C. § 1986 Claim

Plaintiff also alleges a claim under 42 U.S.C. § 1986. Section 1986 "extends liability in damages to those persons 'who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid in prevention commission of the same, (neglect or refuse) so to do." *Bradt v. Smith*, 634 F.2d 796, 801-02 (5th Cir. 1981) (citing 42 U.S.C. § 1986). "This section on its face requires the existence of a valid claim under § 1985." *Id*. As Plaintiff has failed to state a claim under § 1985, he has also failed to state a claim upon which relief may be granted under § 1986.

## D.    Leave to Amend

Plaintiff states an alternative motion to allow him leave to amend his now Amended Complaint in order to state a legally cognizable claim. The Court finds that Plaintiff's federal claims against all named defendants are virtually identical.

11

The Court has already allowed Plaintiff to amend his complaint regarding his federal claims. Although Rule 15(a) generally requires the Court to "freely give" leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013), "[w]hen it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate." *Valdery v. Louisiana Work Com'n,* 2015 WL 5307390, at *2 (E.D. La. Sept. 10, 2015); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Amendment is futile if the complaint as amended would be subject to dismissal. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). The Court finds allowing Plaintiff to replead his § 1983, 1985 and 1986 claims would be futile.

## V.    CONCLUSION

For the reasons stated in the foregoing,

**IT IS RECOMMENDED** that the Motion To Dismiss For Failure to State a Claim filed by Eddie Soileau, individually and in his official capacity as Sheriff for Evangeline Parish [Rec. Doc. 29] be **GRANTED** and Plaintiff's Federal claims under 42 U.S.C. § 1983, § 1985 and § 1986 be DISMISSED WITH PREJUDICE;

**IT IS FUTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's State law claims against Eddie Soileau, individually and in his official capacity, and they be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 7th day of July, 2020 in Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE