UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**Bertrand**　　　　　　　　　　　　　　　**Civil Case No. 6:19-cv-01342**

**Versus**　　　　　　　　　　　　　　　　**District Judge Robert R. Summerhays**

**Cloud et al**　　　　　　　　　　　　　　**Magistrate Judge Carol B. Whitehurst**

### REPORT AND RECOMMENDATION

Before the Court, on assignment by the district judge, is a Motion To Dismiss Federal Claims In Plaintiff's First Amended And Restated Complaint filed by Defendant, Heather Cloud [Rec. Doc. 57], Plaintiff, James Bertrand's, Memorandum in Opposition [Rec. Doc. 67] and Defendant's Reply [Rec. Doc. 70]. For the reasons that follow, the Court recommends that the Motion be Granted.

### I.   BACKGROUND

Accordingly to his Amended Complaint[1], James Bertrand ("Plaintiff") completed a certification program at the University of Louisiana Lafayette as a private investigator. *R. 1, ₱ 4.* In September 2018, he was contracted to investigate Gracie Carpenter and Todd Tomlin in connection with a "private civil matter." *Id. at ₱ 6.* On October 12, 2018, Defendant Cloud, the mayor of Turkey Creek,

---

[1] In his opposition memorandum, Plaintiff contends that Cloud "has introduced a number of allegations in the first six paragraphs" of the instant motion which "the Court should not consider." *R. 67, p.2.* Thereafter, Plaintiff engages in a discussion of facts related to his claim for damages which are completely outside the allegations in his Amended Complaint. *R. 67, pp. 4, 5, 6.* Based on the applicable legal standard related to this Rule 12(b)(6) motion as set out below, the Court will not consider either parties' contentions beyond the Amended Complaint.

Louisiana, interfered with Plaintiff's investigation of Gracie Carpenter by informing the Turkey Creek Police Department that Plaintiff was criminally trespassing, impersonating a law enforcement officer and engaging in criminal false imprisonment. *Id. at ¶¶ 7, 8, 9.* He alleges that Cloud had personal knowledge these allegations were false. *Id. at ¶ 10.* On that same day, Defendant Lofton of the Turkey Creek Police Department filed a knowingly false report that Plaintiff was criminally trespassing, impersonating a law enforcement officer and engaging in criminal false imprisonment. *Id. at ¶ 11.* On October 15, 2018, Plaintiff was arrested based on Cloud's false allegations in Loftin's report. *Id. at ¶ 12.* Plaintiff was issued a $25,000 bond and bonded out on or about October 18, 2018. *Id. at ¶ 14.* Ultimately, the Evangeline Parish District Attorney "refused to indict [*sic*] [Plaintiff] for the underlying claims of his arrest." *Id. at ¶15.*

Plaintiff filed this lawsuit on October 12, 2019, asserting federal claims under 42 U.S.C. § 1983, § 1985 and § 1986 as well as Louisiana state law claims of unfair trade practices and tortious interference of business against Cloud, in her individual and official capacity as Mayor of Turkey Creek, Louisiana; Robert Legget ("Legget"), individually and in his official capacity as Chief of Police for Turkey Creek; Rodney Lofton ("Lofton"), individually and in his official capacity as an officer for the Turkey Creek Police Department; and Eddie Soileau ("Soileau"), individually and in his official capacity as Sheriff for Evangeline Parish.

## II. LEGAL STANDARD RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *Maloney Gaming Mgmt., LLC v. St. Tammany Parish,* 456 Fed.Appx. 336, 340-41 (5th Cir. 2011). The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Conclusory allegations and unwarranted deductions of fact, however, are not accepted as true, *Collins* at 498, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must

3

be sufficient "to raise a right to relief above the speculative level," *Id.* at 555. and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

## III. SUBSTANTIVE LAW FOR SECTION 1983 CLAIMS

"Section 1983 confers no substantive rights, but merely provides a remedy for the violation [by a person acting under color of state law,] of rights secured under the Constitution and laws of the United States." *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir.2008). Therefore, an underlying constitutional or statutory violation is a predicate to any theory of liability under § 1983. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir.1989). The plaintiff must establish in a § 1983 action that there has been: (1) a violation of rights secured by the Constitution or laws of the United States, (2) that was committed by a person acting under color of state law. *Southwestern Bell Telephone,* at 260.

## IV. ANALYSIS

Cloud originally filed a motion to dismiss Plaintiff's federal claims against her under 42 U.S.C. §§ 1983, 1985 and 1986 for failure to allege any constitutional violations against her in the Complaint. Plaintiff filed an opposition which included an alternative motion to allow him to amend his Complaint in order to state a legally cognizable claim. The Court granted Plaintiff's alternative motion allowing him to amend and denied Cloud's motion to dismiss without prejudice to her ability to re-urge her motion to dismiss the Amended Complaint. In the instant motion, Cloud now moves to dismiss the federal claims against her as set forth in Plaintiff's First

5

Amended And Restated Complaint, *R. 50*. In particular, she contends that the Amended Complaint fails to state a § 1983 claim upon which relief may be granted as it "merely adds conclusory allegations and statements" without setting forth facts giving rise to any constitutional violation or statutory right. *R. 57-2, p. 3, 5.*

Plaintiff alleges a § 1983 action for constitutional violations of (1) false arrest and false imprisonment, *R. 50, § 12, 13, 17, 20*; (2) substantive due process, *id. at ¶ 23*; (3) equal protection, *id. at ¶¶ 20, 23* and (4) defamation, *id. at ¶ 16*. He further alleges that the Defendants conspired to commit these violations. *Id. at ¶ 20.* While Plaintiff addresses only his defamation claim in his opposition memorandum, the Court will address all of Plaintiff's alleged claims under § 1983 as follows.

**A. 42 U.S.C. § 1983 Claim**

  *1. False Arrest and False Imprisonment Claims*

Plaintiff alleges Mayor Cloud knowingly provided false information about Plaintiff's private investigation of two Turkey Creek residents to her co-conspirator, Officer Loftin. In particular, Plaintiff alleges that Cloud stated to law enforcement that Plaintiff was impersonating a police officer and was criminally trespassing on private property during the private investigation job. He further alleges that Officer Loftin filed a false arrest report based on Cloud's false allegations which resulted in the issuance of an arrest warrant being served on him. He alleges he is entitled to damages for "false imprisonment and false arrest" and "unlawful seizure and arrest."

The Supreme Court has held that "[t]he first inquiry in any § 1983 suit is to isolate the precise constitutional violation with which [the defendant] is charged." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). While Plaintiff does not bring his claims pursuant to any specific constitutional amendment, Defendant asserts, and Plaintiff does not dispute, *R. 67*, that Plaintiff's claims are "allegedly wrongful deprivations of liberty" governed by the Fourth Amendment. *R. 57*. The Fifth Circuit has long held that a plaintiff presents a cognizable claim under the Fourth Amendment when he brings a Section 1983 action against an officer, alleging that the officer violated his constitutional rights by using false information to secure an arrest warrant against him. *See Winfrey v. Rogers*, 901 F.3d 483, 491 (5th Cir. 2018) ("we agree that a Fourth Amendment claim is cognizable under the facts here".). *See also Castellano v. Fragozo*, 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc) ("The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example.").

The record contains a copy of the Arrest Warrant and Bail Order signed by Judge Chuck R. West as well as the Affidavit For Arrest Warrant by Officer Lofton related to the events at issue which Defendant attached Exhibit "A" to her motion. *R. 57*-3. While "[i]t is well-established that, in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint, there is one recognized

7

exception to that rule: A district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.." *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009). As the arrest warrant is referenced in the Amended Complaint and is central to this case, the Court will consider the Exhibit. Officer Lofton took three days before he presented the Affidavit For the Arrest Warrant to Judge West and relied on various witnesses other than Mayor Cloud in attesting to the incident at issue as well as a prior incident involving Plaintiff. *R. 57-3*. The Arrest Warrant was executed by Judge West.[2]

"Undisputed evidence that an arrest was effectuated under a facially valid arrest warrant satisfies the Fourth Amendment prerequisites and forecloses a § 1983 claim for false arrest." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 652 (S.D.Tex.,2000) (citing *Baker*, 443 U.S. at 139 ((detention under valid warrant does not amount to deprivation without due process of law); *Rykers v. Alford*, 832 F.2d 895, 898 (5th Cir.1987); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982); "Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams*, 734 F.2d 185, 190–91 (5th Cir. 1984). Here, it is undisputed that Plaintiff was arrested pursuant to a facially

---

[2] Judge West's Arrest Order indicates he struck through one count of Public Intimidation for concerns about its constitutionality. *Id. at p. 5.*

valid arrest warrant. Plaintiff has failed to allege facts from which it could be inferred that his arrest was without probable cause.

Finally, citing *Curtis v. Sowell,* 761 Fed. Appx. 302 (5th Cir. 2019), Defendant asserts that the "independent intermediary" doctrine insulates her from liability absent "well pleaded allegations of taint." *Id.* at 305. "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), overruled on other grounds. Additionally, "[o]ur precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." "[B]ecause the intermediary's deliberations protect even officers with malicious intent," *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 (5th Cir. 2016), "a plaintiff must show that the [officer's] malicious motive led the [officer] to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission," *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).

Liability under §1983 for a false affidavit is limited to the affiant and the "person who actually prepared, or was fully responsible for the preparation of, the warrant application." *Michalik v. Hermann*, 422 F. 3d 252, 261 (5th Cir. 2005). Plaintiff alleges that "Lofton and Legget conspired with Cloud to deprive Bertrand

9

of his constitutional rights" by relying on Cloud's "false representations." *R. 50, ¶ 20.* Contrary to this allegation, however, the Affidavit For Arrest Warrant shows that Officer Lofton relied primarily upon interviews of witnesses other than Cloud in preparing the affidavit which he presented to Judge West, the independent intermediary, three days after the incident. Moreover, Plaintiff's Amended Complaint makes no allegation that Officer Lofton had any malicious motive which led him to withhold relevant information or otherwise misdirect Judge West.

The Court finds that Plaintiff has failed to state a claim for false arrest of false imprisonment under the Fourth Amendment.

### 2. *Substantive Due Process Claim*

In addition to his Fourth Amendment claims, Plaintiff also alleges that Cloud violated his Fourteenth Amendment due process rights. In essence, Plaintiff alleges that Cloud's actions caused him to be falsely prosecuted without probable cause which lead to his pretrial detention—in other words—malicious prosecution. The U.S. Supreme Court has made it clear that substantive due process claims are not appropriate under §1983 for "deprivations of liberty that go hand in hand with criminal prosecutions" such as Plaintiff's alleged violations of the Fourth Amendment discussed above. *Albright v. Oliver*, 510 U.S. 266, 274 (1994). In *Manual v. City of Joliet*, 137 S. Ct. 911 (2017), the Supreme Court concurred that pretrial deprivations of liberty are governed by the Fourth Amendment. The Manual

Court explained, "Our holding – that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Id*, at 920. The 5th Circuit, citing *Albright*, recently agreed that "the Supreme Court did not approve a substantive due process claim arising from malicious prosecution and no subsequent decision of that Court or this court has rendered such a claim cognizable." *Winfrey v. Johnson*, 766 Fed. Appx. 66, 72-73 (5th Cir. 2019) (citing *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc)).

Based on the foregoing, Plaintiff fails to state a §1983 claim for due process violations under the Fourteenth Amendment.

*3. Defamation Claim*

Plaintiff alleges he "suffered monetary losses from Cloud's defamatory claims that Bertrand was engaged in illegal activity" under § 1983. *R. 50, ¶ 16.* "Defamation is not in itself a constitutional tort and there is no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment," *Black v. Jones,* 2019 WL 6353332, at *2 (W.D.La., 2019) (J. Drell) (citing *San Jacinto Sav. & Loan v. Kacal,* 928 F.2d 697, 700-01 (5th Cir. 1991)). In her opposition, however, Defendant addresses the existence of an exception allowing a limited right to claim certain types of damages under § 1983 for defamation known as the "stigma-plus-infringement" test.

"[D]amage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 584 (5th Cir. 2012). The Fifth Circuit describes this as the "stigma-plus-infringement" test. *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, *false* factual assertions by a state actor." *Id*. (emphasis added). "Neither harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries." *Vander Zee v. Reno*, 73 F. 3d 1365, 1369 (5th Cir. 1996).

In *Paul v. Davis*, 424 U.S. 693 (1976), the United States Supreme Court held that injury to a person's reputation alone does not create a constitutional violation. Since *Paul*, the Fifth Circuit has consistently applied the "stigma-plus-infringement" test to § 1983 claimants alleging a violation to reputation. *Tebo v. Tebo*, 550 F.3d 492, 503 (5th Cir. 2008); *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697 (5th Cir. 1991). To satisfy the "stigma" part of the test, "a claimant must 'prove that the stigma was caused by a false communication.'" *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701-02 (5th Cir. 1991). To satisfy the "infringement" part of the test, a claimant must "establish that the state sought to remove or significantly alter a life, liberty, or

12

property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been incorporated." *Id*.

While recognizing the Fifth Circuit's stigma-plus-infringement test, Defendant cites *Thinkstream, Inc. v. Adams,* 251 Fed. Appx. 282 (5th Cir. 2007) in support of her motion to dismiss Plaintiff's defamation claim. In *Thinkstream¸* the Fifth Circuit held that the plaintiff was not entitled to relief because the alleged harm did not rise to the level of a significant alteration of a liberty interest. "[L]oss of future employment opportunities does not typically qualify as the kind of 'tangible interest' that *Paul* contemplated." The court explained:

> [T]he alleged harms address opportunity costs, that is, contracts for which they claim they no longer have the ability to compete. But the loss of future employment opportunities does not typically qualify as the kind of 'tangible interest' required, and that "the loss of isolated contracts does not of itself entail a significant impairment to operating a business" necessary to give rise to a claim.

*Id.* at 284. "To establish the infringement portion of the stigma plus test, a claimant must establish that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been incorporated." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701-02 (5th Cir.1991) (citing *Paul*, 424 U.S. at 710–11. *See also Geter v. Fortenberry*, 849 F.2d 1550, 1557 (5th Cir. 1988) (holding that a defamation claim under Section 1983 was subject to summary judgment because the

13

plaintiff did not suffer an injury in additional to reputational damage, such as loss of employment).

Plaintiff contends in his opposition memorandum that his losses are sufficient to establish a claim for defamation under the stigma-plus-infringement test because he "did not lose merely one single client/contract or suffer only minimal economic damages." *R. 67.* Instead he states that he lost "in excess of $200,000.00 and was deprived of his civil liberties when he was arrested." *Id.* As previously stated, the Court can only consider Plaintiff's allegations in his Amended Complaint. As to Plaintiff's contention that his claim for malicious prosecution satisfies the test's "liberty interest" requirement, the Court has determined that Plaintiff has not meet his burden for such a claim under § 1983.

The Court finds that Plaintiff's allegations have not satisfied his burden to state a claim under § 1983 for defamation.

*4. Equal Protection Claim*

To state a claim under the equal protection clause of the Fourteenth Amendment, a §1983 plaintiff must either allege that (a) a state actor intentionally discriminated against him because of membership in a protected class, or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Gibson v. Texas Dept. of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012). A plaintiff must show that

14

the defendant acted with a discriminatory purpose, and thus, cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. *Tate v. Louisiana Dep't of Transp. & Dev.*, 2013 WL 796015, *17 (E.D. La. Mar. 4, 2013) (citing *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)). Vague and conclusory allegations are insufficient to raise an equal protection claim. *Kossie v. Crain*, 602 F.Supp.2d 786,792 (S.D.Tex, 2009) (citing *Pedraza v. Meyer*, 919 F2d 317, 318 n. 1 (5th Cir.1990) (per curiam).

The only allegation that appears to assert an equal protection claim in the Amended Complaint is in Paragraph 21. *R. 5., ¶ 21*. Plaintiff alleges Cloud deprived Bertrand of his "Constitutional right ... to liberty [by treating him] differently than other similarly situated private individuals conducting their private business in public." *Id.* Plaintiff contends in his opposition memorandum, without support, that his equal protection claim is brought on the basis that he is a "class of one" individual. *R. 67, p. 5*.

Plaintiff's Amended Complaint lacks any factual allegations related to his alleged equal protection claim and merely states conclusory allegations and legal conclusions cloaked as factual conclusions. Moreover, the allegations fail to explain how he was treated differently from others similarly situated. Even considering Bertrand's equal protection claim as a class-of-one claim under *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), there is no evidence that he was treated differently

than any other person similarly-situated. If "the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, the action, even if irrational – does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F. 3d 299, 306 (5th Cir. 1997) (quoting *Brennan v. Stewart*, 834 F. 2d 1248, 1257 (5th Cir. 1988)).

The Court finds that Bertrand has failed to state a plausible claim for equal protection.

**B. 42 U.S.C. § 1985 Claim**

Plaintiff also attempts to establish a civil conspiracy under 42 U.S.C. § 1985. Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by "invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). To assert a claim of conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994). Thus, "the plaintiff must show that the conspiracy was motivated by class-based animus." *Id.* at 653 (citing *Burns–Toole v*. Byrne, 11 F.3d 1270, 1276

16

(5th Cir. 1994). At that point, the court can decide whether the class against which the defendants allegedly discriminated is within the parameters of § 1985(3). *Id.*

It is well-settled law that the discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based. *Griffin*, 403 U.S. at 102. Not all classes or categories of individuals that can be imagined merit section 1985(3) protection. A plaintiff must show membership in some group with inherited or immutable characteristics (e.g., race, gender, religion, or national origin), or that the discrimination resulted from the plaintiff's political beliefs or associations. *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. 1987). Plaintiff's allegations indicate no discrimination on the basis of race, gender or any other classification which would allow a claim under § 1985(3).

**C. 42 U.S.C. § 1986 Claim**

Plaintiff also alleges a claim under 42 U.S.C. § 1986. Section 1986 "extends liability in damages to those persons 'who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid in prevention commission of the same, (neglect or refuse) so to do." *Bradt v. Smith*, 634 F.2d 796, 801-02 (5th Cir. 1981) (citing 42 U.S.C. § 1986). "This section on its face requires the existence of a valid claim under § 1985." *Id*. As Plaintiff has failed to state a claim under § 1985, he has also failed to state a claim upon which relief may be granted under § 1986.

## V. CONCLUSION

For the reasons stated in the foregoing,

**IT IS RECOMMENDED** that the Motion To Dismiss For Failure to State a Claim filed by Defendant Heather Cloud [Rec. Doc. 57] be **GRANTED** and Plaintiff's Federal claims under 42 U.S.C. § 1983, § 1985 and § 1986 be DISMISSED WITH PREJUDICE;

**IT IS FUTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's State law claims and that they be DISMISSED WITHOUT PREJUDICE.

**THUS DONE AND SIGNED** this 12th day of August, 2020 in Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE