UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES BERTRAND** | **CASE NO. 6:19-CV-01342** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **HEATHER CLOUD, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**RULING**

Pending before the Court is an "Objection to Magistrate Judge's Recommendation to Dismiss Claims Against Defendant Cloud" [ECF No. 73] filed by plaintiff James Bertrand. Bertrand objects to Magistrate Judge Whitehurst's recommendation [ECF No. 71] that the Court grant the Motion to Dismiss Federal Claims [ECF No. 57] filed by defendant Heather Cloud. Cloud has opposed the objection. [ECF No. 74] For the reasons given below, Bertrand's objection is DENIED. The Magistrate Judge's Report and Recommendation is ADOPTED.

**I.**
**BACKGROUND**

Bertrand is a certified private investigator who brings claims against four current and former officers and officials of Evangeline Parish, Louisiana, and the town of Turkey Creek, individually and in their official capacities.[1] [ECF No. 1] Cloud is the former Mayor of Turkey Creek. In his Complaint, Bertrand alleges that on October 12, 2018, Cloud interfered with his attempt to conduct an investigation related to Gracie Carpenter and Todd Tomlin.[2] [*Id.*] Bertrand

---

[1] An official capacity suit actually pleads an action against the entity of which an officer is an agent. *Harmon v. Dallas Cty., Texas*, 927 F.3d 884, 891 (5th Cir. 2019), *as revised (July 9, 2019)*. Bertrand does not indicate which entities are being sued via his official capacity claims. Because the Court finds that the Amended Complaint has not stated a federal claim against Cloud, however, it is not necessary at this point to determine what the appropriate entities are, or their relative liability.

[2] The Affidavit for Arrest Warrant refers to Mr. Tomlin as "Todd Tomerlin." [ECF No. 57-3 at 5]

1

alleges that in the course of this interference, Cloud knowingly falsely told police that Bertrand was criminally trespassing, impersonating a law enforcement officer, and engaging in criminal false imprisonment. [*Id.*] Bertrand asserts that Rodney Lofton, an officer with the Turkey Creek Police Department, knowingly filed a false report alleging that Bertrand had committed the crimes of which Cloud accused him, and knowingly presented that false report to a judge in order to receive an arrest warrant. [*Id.*] Bertrand alleges that he was arrested and detained pursuant to this tainted warrant, that he was released from jail on bond, and that the Evangeline Parish District Attorney ultimately refused to indict him on any charges. [*Id.*] While the original Complaint is not clear as to precisely the claims Bertrand brings, the Court interprets it as asserting the following claims: false arrest and imprisonment under 42 U.S.C. § 1983; conspiracy to deprive Bertrand of his civil rights under 42 U.S.C. § 1985; neglect to prevent a violation of section 1985 under 42 U.S.C. § 1986; violations of Louisiana Unfair Trade Practices Act; defamation; and tortious interference with business. [ECF No. 1] Based on his arrest by a Turkey Creek Police Officer and detention at the Evangeline Parish jail, Bertrand also brings claims against Robert Legget, the Turkey Creek Chief of Police, and Eddie Soileau, the Evangeline Parish Sheriff. [*Id.*] Bertrand seeks compensatory and punitive damages, as well as costs and attorney's fees. [*Id.*]

Cloud moved for dismissal of Bertrand's claims under sections 1983, 1985, and 1986 on the grounds that the Complaint failed to state a claim for which relief could be granted, and requested dismissal of his state law claims for lack of jurisdiction in case the federal claims were dismissed. [ECF No. 23] Bertrand opposed dismissal and requested leave to amend his Complaint. [ECF No. 39] The Magistrate Judge denied Cloud's motion and granted Bertrand leave to amend his Complaint. [ECF No. 45]

Bertrand's First Amended and Restated Complaint (the "Amended Complaint") adds little in the way of factual allegations. The Amended Complaint asserts that Cloud knowingly made false assertions about Bertrand to media outlets and these false assertions affected his income [ECF No. 50 at ¶ 17], that Cloud acted in her capacity as Mayor when she made false assertions to Lofton [*Id.* at ¶ 11], that Lofton and Legget conspired with Cloud to deprive Bertrand of his rights by relying on Cloud's allegations, which they knew to be false [*Id.* at ¶ 20], that Cloud's actions were based on ill will and she treated Bertrand differently from other individuals and businesses without rational basis [*Id.* at ¶ 21], and that Soileau conspired with Lofton and Legget to deprive Bertrand of his rights by relying on Cloud's allegations. [*Id.* at ¶ 22] The Amended Complaint asserts additional claims that Bertrand's substantive due process rights and equal protection rights were violated, also under section 1983. [*Id.* at ¶ 23]

Cloud moved for dismissal of the federal claims a second time, arguing that the Amended Complaint only added conclusory assertions and therefore failed to state any federal claim against her. [ECF No. 57-2 at 3] Bertrand opposed dismissal of some of his federal claims and requested leave to amend the Complaint again. [ECF No. 67] The Magistrate Judge issued a Report and Recommendation on Cloud's motion to dismiss, recommending that Bertrand's federal claims be dismissed for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over his state law claims. [ECF No. 71] The Report and Recommendation does not address Bertrand's request for further leave to amend his Complaint. Bertrand has objected to the recommendation regarding certain of his federal claims, and argues that he should be given another opportunity to replead.

## II.
### STANDARD OF REVIEW

When reviewing timely objections to portions of a magistrate judge's report and recommendation, the Court must make a *de novo* review of those portions that have been objected to. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Otherwise, the Court must review the report for findings that are either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1).

## III.
### ANALYSIS

The Magistrate Judge recommends dismissal of Bertrand's section 1983 claims for false arrest and imprisonment, substantive due process violation, defamation,[3] and equal protection; his section 1985 claim for civil conspiracy; and his section 1986 claim for his neglect to prevent violation of section 1985. [ECF No. 71] Bertrand objects to dismissal of his claims for defamation and equal protection, as well as his claims under sections 1985 and 1986. [ECF No. 73] Bertrand does not object to dismissal of his claims for false arrest and imprisonment or substantive due process violation. [ECF No. 73] Bertrand reiterates his request for leave to amend his Complaint to add allegations that support the remaining claims. [ECF No. 73] Bertrand also alleges that he seeks to add facts showing that the defendants were motivated by political retaliation; Bertrand's counsel states that he learned these facts while preparing the objection to the Report and Recommendation. [ECF No. 73 at 2-4] Bertrand suggests that these new allegations support his equal protection and section 1985-86 claims. [*Id.*] Cloud argues that the Report and Recommendation should be adopted. [ECF No. 74]

---

[3] While the Amended Complaint is not clear that Bertrand asserts a claim for defamation under section 1983, Cloud's motion for dismiss requests dismissal of such a claim [ECF No. 57], and Bertrand opposes dismissal. [ECF No. 67]

4

A. **Standard of Review.**

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations, quotation marks, and brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(citing Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Id.* In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). "[A] court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011). However, "the court may permissibly refer to matters of public record." *Cinel v.*

*Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

### B. Defamation Under Section 1983.

The Magistrate Judge held that the Amended Complaint fails to state a defamation claim under section 1983 because it fails to satisfy the "stigma plus infringement" test for such claims, specifically the infringement prong. [ECF No. 71] Bertrand re-urges the arguments he made in his objection to Cloud's motion to dismiss, as well as his request for leave to amend the Amended Complaint. [ECF No. 73 at 4] Bertrand clarifies that he wishes to add the allegations that Cloud's defamatory statements in her capacity as Mayor caused him to lose "over $200,000 in revenue and over a dozen clients." [*Id.*] This specification of economic losses was first made in Bertrand's opposition to Cloud's motion. [ECF No. 67 at 5-6] The Magistrate Judge considered the allegations in the Amended Complaint [ECF No. 71 at 1], which states only that Bertrand "suffered monetary losses from Cloud's defamatory claims." [ECF No. 50 at ¶ 15] Accordingly, she recommended that the defamation claim be dismissed. The Court agrees.

"To bring an action within the purview of section 1983, a claimant must first identify a protected life, liberty, or property interest, and then prove that government action resulted in a deprivation of that interest." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991). While false statements by government actors may create a stigma which has harmful effects, "reputation alone, apart from some more tangible interests such as employment, is [n]either 'liberty' nor 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Id*. at 701 (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Not all tangible consequences will satisfy the requirement to show violation of a protected right; allegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a

constitutional right. *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 233-34, 111 S.Ct. 1789, 1792–93, 114 L.Ed.2d 277 (1991)).

The Fifth Circuit requires defamation claims under section 1983 to satisfy both prongs of the "stigma plus infringement" test. *San Jacinto*, 928 F.2d at 700. The plaintiff must allege that a state actor made false claims that created a stigma around the plaintiff, *and* that the actor infringed another protected liberty or interest. *Id.* Fulfilling the first prong requires showing that a state actor created a stigma around the plaintiff through "concrete, false assertions of wrongdoing on the part of the plaintiff." *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995)(citations and emphasis omitted). Statements of opinion do not satisfy this prong and a statement "must be more than merely adverse; it must be such as would give rise to a badge of infamy, public scorn, or the like." *Blackburn*, 42 F.3d at 936 (internal quotations and citations omitted). Meeting the infringement prong requires a showing "that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been incorporated" by the Fourteenth Amendment. *San Jacinto*, 928 F.2d at 701-02. (citations omitted). There is a liberty or property interest in operating a legitimate business. *Thompson*, 70 F.3d at 392. If the alleged infringement is that a state actor caused harm to the plaintiff's busines, it is not necessary that there be physical acts by the state actor or that the business be totally lost; it is sufficient that an official "sought to remove or significantly alter" the liberty and property interests in operation of a business. *Id*. at 393.

In light of Bertrand's re-urging of the arguments in his opposition to Cloud's motion, the Court must determine whether those arguments show that he has met the "stigma plus infringement" test. In that opposition, Bertrand argues that Cloud's false statements created a stigma that he had trespassed and impersonated an officer. [ECF No. 67 at 4] As to the

infringement prong, Bertrand argues that Cloud's false statements resulted in "the infringement of his liberty as a result of his false arrest." [*Id.*] Bertrand further alleges that Cloud's defamatory statements caused him to suffer economic damages, but he is clear that his allegedly false arrest satisfies the infringement prong. [*Id.*] The Magistrate Judge, however, concluded that Bertrand failed to state claims for false arrest and imprisonment, and he does not object. Consequently, false arrest and imprisonment are not available to Bertrand to satisfy the infringement prong, so his economic damages alone must meet the infringement test.

 Because Bertrand's opposition to the motion to dismiss does not show he has stated a claim, the Court must turn to the Amended Complaint. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. Regarding Bertrand's section 1983 defamation claim against Cloud, the Amended Complaint alleges as follows: Cloud knowingly made false representations when she told Officer Lofton that Bertrand was trespassing, impersonating an officer, and falsely imprisoning [*Id.* at ¶¶ 9-10]; Bertrand "suffered monetary losses from Cloud's defamatory claims" that Bertrand violated the law while he was acting within the scope of his duties as an investigator [*Id.* at ¶ 15]; Cloud, acting in her capacity as Mayor, knowingly made false statements to media outlets during and after Bertrand's arrest, and these statements affected Bertrand's income and revenue. [*Id.* at ¶ 17]

 These allegations fail to state a claim for defamation under section 1983 that meets either prong of the "stigma plus infringement" test. Bertrand alleges that Cloud made two sets of false statements: one to Lofton and one to the media. Bertrand does not allege that Cloud's statements to an officer in the course of filing a police report either were publicized or created a stigma that would give rise to a "badge of infamy, public scorn, or the like." *Blackburn*, 42 F.3d at 93. He also

does not describe the content of Cloud's statements to the media about him, does not allege that they created a stigma around him, and does not explain how they affected his income. The Amended Complaint consequently contains insufficient factual allegations for the Court to conclude that a public stigma was created as to Bertrand, even viewed in the light most favorable to him. Accordingly, Bertrand has not alleged that a public official's false, concrete statements of wrongdoing by him created a stigma.

As to the infringement prong, the Amended Complaint alleges simply that Bertrand suffered monetary losses. Monetary losses can represent a protected interest or liberty, but are not *per se* entitled to constitutional protection. The Amended Complaint does not allege that the state "sought to remove or significantly alter a [protected] life, liberty or property interest," *San Jacinto*, 928 F.2d at 701-02, and thus fails to sufficiently allege the infringement prong of a section 1983 defamation claim. Accordingly, Bertrand fails to state a claim against Cloud for defamation under section 1983. The Report and Recommendation is ADOPTED as to that claim.

C. **Equal Protection Under Section 1983.**

The Magistrate Judge further recommends dismissal of Bertrand's equal protection claim because Bertrand alleges no facts to support the claim, and only asserts in a conclusory manner that Cloud treated him differently than other similarly situated individuals and businesses, and that he is a "class of one." [ECF No. 71 at 15] Bertrand objects that he has stated an equal protection claim because he alleges that Cloud used her office to target Bertrand by defaming him and by influencing Lofton to fabricate claims against him. [ECF No. 73 at 5] Bertrand argues Cloud did not similarly target other individuals who investigated her mayoral tenure or made public records requests, which makes him a "class of one," and that there was no rational basis for this separate treatment. [*Id.*] He additionally seeks leave to replead this claim. [*Id.*] Cloud argues that the

Magistrate Judge correctly concluded that Bertrand makes no specific factual allegation that other comparative actors were treated differently. [ECF No. 74 at 2] The Court agrees.

In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff can either allege that "a state actor intentionally discriminated against him because of membership in a protected class," or that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Texas Dep't of Ins.--Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012)(citing *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.1999), *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)). The latter is known as the "class of one" theory, which is the theory on which Bertrand basis his claim. To establish that a plaintiff is a "class of one," he must show that he was intentionally treated differently from others who are similarly situated, and that there was no rational basis for the disparate treatment. *Holden v. Perkins*, 398 F. Supp. 3d 16, 25 (E.D. La. 2019)(citing *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007)). A complaint that "generally alleges that other similarly situated individuals were treated differently, but … points to no specific person or persons and provides no specifics as to their violations" fails to state an equal protection claim. *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018).

The Amended Complaint makes the following allegations regarding Bertrand's equal protection claim against Cloud: ill will motivated Cloud to make false statements to the police and conspire with Officer Lofton and Chief Leggett to violate Bertrand's rights "differently than other similarly situated private individuals conducting their private business in public" [ECF No. 50 at ¶ 21]; and "[n]o rational basis exists for Cloud and Lofton and Legget's conduct" to target Bertrand. [*Id.*] These conclusory assertions fail to identify another person or persons who were

10

treated differently than Bertrand, or to show how they were treated differently. *Rountree*, 892 F.3d at 685. Consequently, they fail to state an equal protection claim. Accordingly, the Report and Recommendation is ADOPTED as to that claim.

### D. Conspiracy to Violate Civil Rights Under Section 1985.

The Magistrate Judge found that Bertrand fails to state a claim for civil conspiracy under section 1985(3) because he does allege membership in a class, which is a necessary element of a section 1985(3) claim. [ECF No. 71 at 17] Bertrand argues that if he is allowed leave to amend the Amended Complaint, he will make sufficient allegations to defeat a motion to dismiss. [ECF No. 73 at 5] He further argues that Cloud's "complicity and cooperation" with Lofton and her motive of political retaliation state a section 1985(3) claim. [ECF No. 73 at 5] Bertrand additionally argues that because Cloud did not target other individuals with defamation and conspiracy to infringe their civil rights, he is a "class of one" for purposes of the "equal protection" prong of a section 1985(3) claim. [*Id.* at 5-6]

42 U.S.C. § 1985 prohibits conspiracy to, among other things: (1) prevent an official from carrying out his or her lawful duties; (2) interfere with a federal court proceeding or with a state court proceeding for the purpose of denying a citizen equal protection of law; or (3) deprive a person or class of persons of equal protection of law. 42 U.S.C. § 1985. Bertrand does not allege that he is an official who was prevented from carrying out his duties or that he was prevented from participating in a court proceeding, so the Magistrate Judge interpreted the Amended Complaint to assert a claim under section 1985(3). The Court agrees, and Bertrand does not dispute this interpretation. A claim under § 1985(3) must allege facts demonstrating: "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of

a citizen of the United States." *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 200 (5th Cir. 2020)(citing *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010)(per curiam)). In the Fifth Circuit, such a conspiracy must be driven by discriminatory animus that is based on race or membership of another class through possession of some immutable characteristic. *Welsh v. Correct Care Recovery Sols.*, No. 19-10825, 2021 WL 487152, at *10 (5th Cir. Feb. 9, 2021); *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 112, 207 L. Ed. 2d 1052 (2020); *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 379 (5th Cir. 2017)(citing *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987)).

The Amended Complaint makes the following allegations that support a section 1985(3) claim against Cloud: Lofton and Leggett conspired with Cloud to deprive Bertrand of his constitutional rights by knowingly relying on Cloud's false statements [ECF No. 50 at ¶ 20]; and Cloud was motivated by ill will to conspire with Lofton and Legget to deprive Bertrand of his rights differently that similarly situated individuals. [*Id.* at ¶ 21] Crucially, Bertrand does not argue that the defendants discriminated against him on the basis of his race or his possession of an immutable characteristic that makes him a member of a protected class. Rather, he argues that the discrimination made him a "class of one" for equal protection purposes. As noted above, Bertrand has not stated an equal protection claim on the basis of his being a "class of one." Even if he had, that would not satisfy the requirement that a section 1985(3) claim allege discrimination due to race or another immutable characteristic. Bertrand has failed to state a claim under section 1985(3). Accordingly, the Report and Recommendation is ADOPTED as to that claim.

    E. **Section 1986 Claim.**

The Magistrate Judge further recommends that the Court dismiss Bertrand's section 1986 claim if it dismisses his section 1985 claim because the existence of a valid section 1985 claim is

an essential element of a section 1986 claim. [ECF No. 71 at 17] Bertrand argues that he has stated an equal protection claim for purposes of sections 1985-86. [ECF No. 73 at 5-6] Cloud argues that the section 1985 claim should be dismissed, and therefore the section 1986 claim should also be dismissed. [ECF No. 74 at 3] The Court agrees with the Magistrate Judge.

A person is liable under 42 U.S.C. § 1986 if they neglect or refuse to prevent the commission of an action prohibited by section 1985. Consequently, "a § 1986 cause of action is dependent on a claimant's successful pleading of a § 1985 claim first." *Beckwith v. City of Houston*, 790 F. App'x 568, 576 (5th Cir. 2019), *cert. denied sub nom. Beckwith v. City of Houston, Texas*, 140 S. Ct. 1127, 206 L. Ed. 2d 190 (2020)(citations omitted). As the Court agrees that Bertrand has not stated a claim under section 1985, it follows necessarily that he has not stated a claim under section 1986. The Report and Recommendation is ADOPTED as to that claim.

F. **Leave to Amend.**

Bertrand requests leave to further amend his Complaint. Bertrand asserts that if granted leave to amend the Complaint a second time, he will allege facts sufficient to overcome a motion to dismiss as to his defamation, equal protection, and section 1985-86 claims. [ECF No. 73] He also asserts that he wishes to allege facts showing that Cloud's actions were driven by political retaliation. [*Id.*]

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely" grant leave to amend when "justice so requires." But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. J. P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013). A district court must provide a substantial reason to deny a party's request for leave to amend, which can include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party…, and futility of the amendment." *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018).

Bertrand was previously granted leave to amend in response to Cloud's first motion to dismiss. That motion argued that Bertrand failed to state a claim against Cloud because the Complaint rested primarily on conclusory or legal assertions with insufficient factual allegations, and failed to allege class-based discriminatory animus for purposes of section 1985(3). Bertrand therefore had notice of the potential deficiencies in his allegations when he filed the Amended Complaint. As noted above, however, the Amended Complaint adds more conclusory assertions and few factual allegations. And while Bertrand asserts that he wishes to allege facts suggesting that the defendants were motivated by political retaliation, he does not explain how such a motivation would affect the analysis of any of his claims. While the record does not at this point suggest that Bertrand's request is made in bad faith or for dilatory motive, previous amendment failed to cure deficiencies, and Bertrand has not shown that further amendments would be successful. Accordingly, leave to replead is DENIED.

G. **Supplemental Jurisdiction.**

The Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Bertrand's state law claims against Cloud. [ECF No. 71 at 18] With dismissal of Bertrand's federal claims, the Court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(a), a district court can exercise supplemental jurisdiction over a claim that is so related to a case or controversy over which the court has original jurisdiction that the supplemental claim forms part of the same case or controversy. 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over such claim if (1) the claim raises a novel or complex issue of state

law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction, in exceptional circumstances. 28 U.S.C. § 1367(c). These factors must be considered on a case-by-case basis, and no single factor is dispositive. *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 442 (5th Cir. 2010). In general, a district court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). In addition to the factors set out in § 1367(a), the court should consider judicial economy, convenience, fairness, and comity, and especially whether the court has invested a significant amount of resources in the litigation. *Id*. Such considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court. *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014).

Here, the Court has dismissed all claims over which it has original jurisdiction. This litigation has not progressed beyond the motion to dismiss stage, no hearings have been held, and the Court has not invested a significant amount of resources in the litigation. Accordingly, the Court ADOPTS the Magistrate Judge's recommendation and declines to exercise supplemental jurisdiction over Bertrand's state law claims against Cloud.

## IV.
### CONCLUSION

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Magistrate Judge's Report and Recommendation [ECF No. 71] is ADOPTED. Cloud's Motion to Dismiss Federal Claims [ECF NO. 57] is GRANTED. Bertrand's section 1983 claims for false arrest and imprisonment, substantive due process violation, defamation, and equal protection violation; section 1985 claims; and section 1986 claims against Cloud are DISMISSED WITH PREJUDICE. Leave to amend the Amended Complaint is DENIED. The Court declines to exercise supplemental jurisdiction over Bertrand's state law claims against Cloud, which are DISMISSED WITHOUT PREJUDICE.

THUS DONE AND SIGNED in Chambers on this 16th day of March, 2021.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**